**IT IS ORDERED as set forth below:**

Date: August 12, 2009

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRITY BANCSHARES, INC. | ) | Case No. 08-80512 |
| | ) | |
| | ) | JUDGE BONAPFEL |
| Debtor. | ) | |

**ORDER WITH REGARD TO FDIC-R OBJECTION TO**

**RULE 2004 PRODUCTION OF WORK PRODUCT DOCUMENTS**

On May 4, 2009, Jordan E. Lubin, the Chapter 7 trustee (the "Trustee"), moved the Court pursuant to Fed. R. Bankr. P. 2004 for examination of and production of documents Shelby K. Grubbs of the law firm of Miller & Martin, PLLC (Doc. 30) and for examination of and production of documents by David P. Hoffman of the accounting firm of Ernst & Young LLP (Doc. 31) (the "Motions"). By Orders entered on May 6, 2009 (Docs. 32 and 33), the Court granted the Motions. On May 18, 2009, the Federal Deposit Insurance Corporation as Receiver of Integrity Bank ("FDIC-R") filed an objection to the

Rule 2004 examinations and production of documents sought in the Motions (the "Requested Documents") (Doc. 36). The FDIC-R's objection came on for hearings on June 23, 2009, July 23, 2009 and August 3, 2009. Due and proper notice of the hearings was provided to all interested parties, including the defendants in Adversary Proceedings No. 09-06057 and 09-06058.

The Trustee seeks access to the Requested Documents to investigate the Debtor's interest, if any, in a fidelity bond claim submitted to Cincinnati Insurance Company arising out of certain transactions at Integrity Bank that the law and accounting firms had investigated. The FDIC-R represented at the hearings that it is in possession of approximately 34 boxes of Requested Documents. The FDIC-R has objected on various grounds to allowing the Trustee access to the Requested Documents. The lawyers and accountants themselves have not objected.

A contemporaneously entered Order deals with the production of all documents except those that the FDIC-R asserts are subject to work product protection. This Order deals with those Requested Documents that the FDIC-R contends contain or constitute work product and, consequently, should not be produced due to its assertion of work product protection (the "Work Product Documents").

Having considered the record in this case and the presentations of the parties at the hearings on June 23, July 23, and August 3, 2009, and the arguments advanced by counsel at the hearings, and for the reasons stated by the Court on the record at the August 3, 2009 hearing,

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

(a) Subject to the terms of this Order, Miller & Martin and Ernst & Young shall

2

promptly produce at their offices in Atlanta, Georgia, for immediate inspection by the Trustee and his counsel, all Work Product Documents. To the extent that the FDIC-R is in possession of any Work Product Documents, the FDIC-R shall make said documents available to the Trustee and his counsel.

(b) The Trustee and his counsel may, at their expense and for their use and their eyes only (subject to the provisions of paragraph (c) below), have copies made of any of the Work Product Documents;

(c) The Trustee and his counsel shall strictly preserve the confidentiality of all Requested Documents that are produced and will not disclose or otherwise reveal the contents of the same to any other party or person pending the entry of an appropriate protective order or other order governing use of the Work Product Documents. The FDIC-R and United States Attorney shall be entitled to notice and an opportunity to be heard with regard to the entry of any such orders.

(d) Miller & Martin's production of the Work Product Documents to the Trustee and his counsel, subject to strict confidentiality pursuant to paragraph (c) above, shall not constitute a waiver by the FDIC-R of the work product protections or any other privilege or any applicable legal right asserted by the FDIC-R with respect to the same.

(e) Inadvertent disclosure of Work Product Documents that are subject to the attorney-client privilege ("Privileged Documents") shall not constitute waiver of the attorney-client privilege. In the case of an inadvertent disclosure of a Privileged Document, the Trustee shall immediately upon becoming aware of the disclosure, or, if unaware of the disclosure, upon request by Miller & Martin or the FDIC-R, return the original to Miller & Martin, destroy all copies thereof, and delete any copy of the

Privileged Document, or any portion thereof, from any word processing database, computer tape or disk. Return of a Privileged Document over which Miller & Martin or the FDIC has asserted a claim of attorney-client privilege shall be without prejudice to the Trustee's right to seek an order from the Court directing the production of the Privileged Document within 10 days after return of the Privileged Document. However, the inadvertent disclosure of a Privileged Document shall not constitute grounds for asserting waiver of the attorney-client privilege.

*** **END OF ORDER** ***